IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

M. DEAN REED PRODUCTION
CORP. (THE ALE FACTORY);
MARY DEAN REED,

    Plaintiffs,    No. CIV S-06-2386 MCE GGH PS

    vs.

LOS ANGELES COUNTY DEPT. OF
CHILDREN AND FAMILY SERVICES,
et al.,

    Defendants.    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    On October 30, 2006, plaintiff, who is incarcerated in Bakersfield, filed a complaint without paying the filing fee or submitting an application to proceed in forma pauperis. On November 9, 2006, plaintiff filed a "request" this action be related to unidentified cases purportedly pending in Los Angeles and Kern Counties. On November 30, 2006, plaintiff filed a statement stating that while she has funds in her account to pay the filing fee, she cannot access such funds at this time, and has made unsuccessful efforts to obtain court papers "for assessment of fees." On December 8, 2006, plaintiff filed a second statement.

    For the reasons set forth below, the court recommends dismissal of the complaint with prejudice.

1

The complaint names defendants Los Angeles and Kern Counties' respective Departments of Court, Police, Personnel, Children and Family Services, Mental Health, and Social Service, and appears to challenge plaintiff's detention (although no details are provided); her termination of employment ("because George Bush, Jr., is President of All the Villages, Colonies, Universe, Galaxies and World"); the guardianship of an unidentified minor; and failure to pay royalty fees for plaintiff's "screenplays, songs, stories and theater plays." The complaint asserts plaintiff's entitlement to damages, a car, and a face lift.

A complaint filed by a prisoner, with or without prepayment of fees, may be dismissed at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Additional authority permits dismissal due to improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)). The complaint must also comply with general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's jurisdiction, (2) claims showing entitlement to relief, and (3) demand for relief.

The complaint, which is in improper form, presents no basis for this court's jurisdiction. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Plaintiff has failed to meet this burden.

\\\\\

1       Nor does the complaint state a cognizable cause of action.  Rather, the complaint 2 is rambling and disjointed, with multiple references to clearly irrelevant and often fanciful 3 matters.  These "facts" demonstrate no reasonable possibility that plaintiff can file a cognizable 4 complaint.  Rather, the complaint is frivolous within the meaning of 28 U.S.C. § 1915.  See 5 Nietzke v. Williams, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 1831 (1989) (a complaint is 6 frivolous under 28 U.S.C. § 1915 if it contains "fanciful factual allegations" and "inarguable 7 legal conclusion[s]").

8       Moreover, plaintiff's statement filed December 8, 2006, underscores this 9 assessment.  In eleven handwritten pages, plaintiff broadly disputes arrests, detentions and 10 incarcerations from 2004 to 2006, states again that her screenplays, songs, and stories (as well as 11 her "medicine, spices and business") were stolen, and makes repeated references to her "rump" 12 and being "the guardian who speaks."

13       Accordingly, IT IS RECOMMENDED that:

14       1. The complaint filed October 30, 2006 should be dismissed with prejudice.

15       2. Plaintiff's request filed November 9, 2006 to relate this case to others that may 16 be pending in Los Angeles and Kern Counties should be denied.

17       3. Plaintiff's statement concerning fees filed November 30, 2006, designated a 18 "request" by the Clerk of Court, should be denied.

19       These findings and recommendations are submitted to the Honorable Morrison C. 20 England, Jr., the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l). 21 Written objections may be filed within ten days after being served with these findings and 22 recommendations.  The document should be captioned "Objections to Magistrate Judge's 23 Findings and Recommendations."  The failure to file objections within the specified time may 24 \\\\\ 25 \\\\\ 26 \\\\\

1  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/18/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH5:Reed2386.f&r